IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SHELBY COUNTY, TN JUSTICE
COMMISSION & COURT
ADMINISTRATIONS, *et al.*,

    Plaintiffs,

vs.                                                                                                                       No.14-02334-JTF-dkv

MALEIK ALI BEY,
a/k/a MARIO M. MYERS,

    Defendant.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* REMAND TO THE CRIMINAL
COURT OF SHELBY COUNTY

---

      Before the court is the May 7, 2014 Notice of Removal of the case, *Shelby County, TN Justice Commission & Court Administrations et al. v. Bey*, Nos. M6149969, M772264, from the Criminal Court of Shelby County, filed by the defendant, Maleik Ali Bey ("Bey"), proceeding *pro se*. (Notice of Removal, ECF No. 1.) Attached to the Notice of Removal are two criminal indictments returned by the Grand Jury of the State of Tennessee, Indictment 13-06304 and Indictment 13-06342. (ECF Nos. 1-2, 1-3.) The Notice of Removal was also accompanied by a *pro se* motion seeking leave to proceed *in forma pauperis*, (ECF No. 3), which the court granted on May 12, 2014, (ECF No. 5).

The plaintiffs, Shelby County *et al.* ("Shelby County"), did not file a response or a motion to remand in response to Bey's Notice of Removal.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction and remanded to the Criminal Court of Shelby County pursuant to 28 U.S.C. §§ 1447, 1455.

## I. PROPOSED FINDINGS OF FACT

Based on the limited record before the court, Bey was indicted by a Grand Jury of the State of Tennessee on December 19, 2013, on multiple charges, including aggravated assault and unlawful possession of a weapon. (ECF Nos. 1-2, 1-3.) Bey filed the document entitled "Legal Notice of Removal" on May 7, 2014. (Notice of Removal 1, ECF No. 1.)

As a basis for removal, Bey cites 28 U.S.C. §§ 1441-1446, but otherwise fails to explain how these provisions are relevant to the removal of this action. (*Id.*) Bey makes multiple allegations of infringements on his civil rights but fails to plead any specific facts to substantiate these claims. (*Id.*)

Bey purports to assert several monetary claims against the plaintiffs, but does not provide a legal basis for the damages he seeks. (*Id.* at 10-11.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), the court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This report and recommendation will constitute the court's screening.

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th

4

Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

5

375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may

raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

1. *Diversity Jurisdiction*

In his Notice of Removal, Bey cites several purported sources of federal jurisdiction. Among the statutes referenced is 28 U.S.C. § 1441. (Notice of Removal 1, ECF No. 1.) The court notes at the outset that this statute pertains to the removal of civil actions, not criminal actions, to federal court. However, assuming, *arguendo*, that 28 U.S.C. § 1441 provides a potential avenue for removal in the present case, the statute is inapplicable for the reasons that follow.

28 U.S.C. § 1441(b) governs removals based on diversity of citizenship. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89

7

(2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004).

The Notice of Removal does not plead the citizenship of the parties. Though Bey makes multiple references to his alleged "Moorish American National" citizenship, he does not assert any specific facts to support this designation. (Notice of Removal, ECF No. 1.) In his Notice of Removal, the only residential and mailing addresses Bey provides are Tennessee addresses. (*Id.* at 1, 2, 6.) As a general rule, the place where a person lives is

8

taken to be his proper domicile until the evidence establishes the contrary. *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). In the Sixth Circuit, "[s]tate citizenship for the purpose of the diversity requirement is equated with domicile." *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010). Because Bey has not satisfied his evidentiary burden of establishing that his place of citizenship is different from that of his domicile, the court will treat Bey as a citizen of Tennessee.

Though Bey fails to plead the citizenship of the plaintiffs, for purposes of diversity of citizenship, political subdivisions are "citizens" of their respective states. *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 98 (1972). Therefore, the court finds that the plaintiffs are citizens of Tennessee for purposes of diversity jurisdiction. Because the parties to this action are citizens of the same state, federal subject matter jurisdiction may not be asserted through diversity jurisdiction.

Even if the parties were assumed to be diverse, federal diversity jurisdiction also requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The general rule is that the sum claimed by the plaintiff is controlling if the

claim is apparently made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also id.* at 291 ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove."); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009)(same). Although Bey purports to assert several counterclaims that aggregately satisfy the amount-in-controversy requirement, (see Notice of Removal 10-11, ECF No. 1), a defendant's counterclaim is not properly considered in assessing whether the jurisdictional amount has been satisfied. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007); *Wells Fargo Bank, N.A. v. Meaney*, No. 1:09-CV-140, 2009 WL 1044560, at *2 (W.D. Mich. Apr. 17, 2009); *Firestone Fin. Corp. v. Syal*, 327 F. Supp. 2d 809, 811 (N.D. Ohio 2004). Therefore, Bey has not met his burden of demonstrating that there is diversity jurisdiction, because the amount in controversy is not satisfied.

Additionally, Bey is barred from removing this action to federal court by 28 U.S.C. § 1441(b)(2) because he is a citizen of Tennessee. That statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties

in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As a Tennessee citizen who was sued in a Tennessee state court, Bey is barred from removing this action under 28 U.S.C. § 1441(b)(2).

Thus, for the various reasons discussed above, the court lacks subject matter jurisdiction based on diversity of citizenship.

2. *Federal-Question Jurisdiction Under 28 U.S.C. § 1331*

It is also necessary to consider whether there might be subject-matter jurisdiction under 28 U.S.C. § 1331, which provides for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Under 28 U.S.C. § 1441(a), "[e]xcept as expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A federal district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a

claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)(internal quotation marks omitted). "[T]he principle governing removal is this: the right or immunity created by the Constitution, a treaty, or other federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal be an essential element of the plaintiff's properly pleaded claim for relief." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009).

> In determining whether a claim arises under federal law, we look only to the well-pleaded allegations of the complaint and ignore potential defenses that the defendant may raise. Even defenses that rely on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute, or that are anticipated in the plaintiff's complaint are irrelevant, as they do not form part of a plaintiff's properly pleaded statement of his or her claim. Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question. In addition to causes of action expressly created by federal law, federal-question removal thus also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.

*Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-75 (6th Cir. 2008)(internal quotation marks, alterations & citations omitted).

In this case, no federal question appears on the face of the indictments. Bey was indicted for several criminal charges arising under state law. Therefore, the matter was properly before a state court, as these courts "necessarily have jurisdiction over the individuals charged with crimes by indictments returned by grand juries in the respective counties." *State v. Williams*, No. M2012-00242-CCA-R3CD, 2012 WL 4841547, at *1 (Tenn. Crim. App. Oct. 3, 2012)(citations omitted). The Notice of Removal impliedly asserts that federal-question jurisdiction is satisfied because Bey's counterclaims arise under federal law. Namely, Bey makes numerous assertions throughout his Notice of Removal that his constitutional rights were violated. (Notice of Removal 1, 3, 10, 11, ECF No. 1.) Ignoring, for a moment, the pleading requirements that accompany such assertions, a defendant may not remove an action from a state court simply because in the litigation process, "it may become necessary to give a construction to the Constitution or laws of the United States. . . . The suit must, in part at least, arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the

13

facts involved." *Little York Gold Washing & Water Co. v. Keyes*, 96 U.S. 199, 203 (1877).

In his Notice of Removal, Bey does not plead any facts or offer any explanation to support a finding that such fundamentally constitutional issues are present in this case. "Bald assertions unaccompanied by legal argument or citations to authorities are waived." *State v. Keller*, 813 S.W.2d 146, 150 (Tenn. Crim. App. 1991).

Additionally, the law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim.

> [T]he federal contention or right that provides the predicate for removal must not be asserted as part of an issue that is merely collateral or incidental to a claim that is based primarily in state law, nor can the federal issue appear for the first time in the defendant's answer, by way of defense. Neither is it sufficient for the federal issue to enter the case through a counterclaim asserted by the defendant.

14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002)(stating that a

14

counterclaim cannot service as a basis for a district court's jurisdiction under 28 U.S.C. § 1331). Therefore, Bey's Notice of Removal, which asserts counterclaims arising under federal law, cannot establish federal-question jurisdiction.

D. *Other Purported Sources of Federal Jurisdiction*

In his Notice of Removal, Bey summarily cites 28 U.S.C. §§ 1441-1446 as grounds for this court's jurisdiction. (Notice of Removal 1, ECF No. 1.) As jurisdiction under 28 U.S.C. § 1441 has already been found to be untenable, the court will briefly consider the remaining statutes in turn.

First, 28 U.S.C. § 1442 pertains to the removal of state civil actions or criminal prosecutions against federal officials acting within the scope of their official duties. In such cases, "[f]ederal jurisdiction rests on a federal interest in the matter, the very basic interest in the enforcement of federal law through federal officials." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)(citations and internal quotations omitted). As Bey is not a federal officer, the substantive removal mechanisms set forth in 28 U.S.C. § 1442 do not apply.

28 U.S.C. § 1443 provides for the removal of cases concerning civil rights violations. The statute is construed narrowly to permit removal "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive

15

and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966). For a defendant to successfully invoke the removal provisions of 28 U.S.C. § 1443, the removal petition must satisfy a two-prong test. *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). First, "it must appear that the right allegedly denied . . . arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). And second, "it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* at 219 (quoting *Rachel*, 384 U.S. at 803). While Bey makes a number of perfunctory claims that his civil rights were violated, he does not provide any specific details from which the court might even infer a civil rights violation, nor does he provide the ancillary statutory basis upon which he might pursue removal under 28 U.S.C. § 1443. Therefore, having failed to satisfy either prong of the test under 28 U.S.C. § 1443, the court finds that removal is not proper under this statute.

The remaining provisions under which Bey purports to remove this case, 28 U.S.C. §§ 1444, 1445, and 1446, are entirely irrelevant. 28 U.S.C. § 1444 applies to foreclosure actions against the United States, an issue that is clearly not implicated in the present case. 28 U.S.C. § 1445 simply enumerates civil matters that are expressly nonremovable actions. And 28 U.S.C. § 1446 sets forth procedural requirements for the removal of civil matters.

Though Bey does not cite to it in his Notice of Removal, 28 U.S.C. § 1455, which sets forth the procedural requirements for the removal of criminal prosecutions, is pertinent to the present case. While the statute does not provide any substantive guidance for the removal of such matters to federal court, it does establish several threshold procedural requirements. First, 28 U.S.C. § 1455(a) provides that the notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The court notes that the Notice of Removal is deficient as to this initial requirement, as Bey did not provide any specific grounds for removing the case. Additionally, Bey did not provide copies of all of the documents specifically

required by 28 U.S.C. § 1455(a), having attached only copies of the indictments. (ECF Nos. 1-2, 1-3.)

Second, 28 U.S.C. § 1455(b) provides that the notice of removal "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." While Bey did not provide the date of his arraignment, the attachments note that the Grand Jury returned the indictments on December 19, 2013. (*Id.* at 19, 24.) The Notice of Removal was filed on May 7, 2014. (*Id.* at 1.) According to the official records of the General Sessions and Criminal Court of Shelby County, Bey was arraigned on these charges on October 15, 2012. Thus, Bey exceeded the 30-day period within which 28 U.S.C. § 1455(b) requires that the notice of removal be filed.

The court in which the notice of removal is filed shall promptly examine the notice, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455 (b)(4). As Bey has failed to satisfy the procedural requirements for removal set forth in 28 U.S.C. § 1455, and has not provided an alternative basis for federal jurisdiction, this court must summarily remand the case.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction and be remanded to the Criminal Court of Shelby County, pursuant to 28 U.S.C. §§ 1447, 1455.

Respectfully submitted this 6th day of June, 2014.

        s/ Diane K. Vescovo
        Diane K. Vescovo
        United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.